**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armond Rashawn WRIGHT,**
**Defendant–Appellant.**

No. 12–7468.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 25, 2013.

Decided: Aug. 12, 2013.

Armond Rashawn Wright, Appellant pro
se.

Sean Kittrell, Assistant United States
Attorney, Charleston, South Carolina, for
Appellee.

Before NIEMEYER and SHEDD,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished
PER CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Armond Rashawn Wright appeals the
denial of his 28 U.S.C.A. § 2255 (West
Supp.2013) motion. We previously grant-
ed a certificate of appealability on Wright's
claim that counsel was ineffective in failing
to note an appeal as directed. After addi-
tional briefing, we vacate the district
court's order and remand for further pro-
ceedings.

In his § 2255 motion, Wright claimed
that he explicitly requested that counsel
file a notice of appeal. Wright presented
an affidavit to this effect, as well as an
affidavit from his grandmother attesting
that Wright, in her presence, requested
the filing of a notice of appeal. The Gov-
ernment presented an affidavit from coun-
sel attesting that Wright never requested
that a notice of appeal be filed.

In *United States v. Peak*, 992 F.2d 39,
41–42 (4th Cir.1993), this court held that
counsel's failure to file a notice of appeal
as directed constitutes per se ineffective
assistance. Under 28 U.S.C.A. § 2255(b),
unless the pleadings, files, and records
conclusively show that the prisoner is not
entitled to relief, the district court shall
hold an evidentiary hearing. *United
States v. Witherspoon*, 231 F.3d 923, 925–
27 (4th Cir.2000). While whether an evi-
dentiary hearing is necessary is generally
left to the sound discretion of the district
judge, we long ago recognized that there
remained "a category of petitions, usually
involving credibility, that will require an
evidentiary hearing in open court."
*Raines v. United States*, 423 F.2d 526, 530
(4th Cir.1970).

Wright's claim that counsel failed to file
a notice of appeal when requested, if be-
lieved, states a colorable claim of ineffec-
tive assistance. *Peak*, 992 F.2d at 41–42.
However, the district court denied
Wright's motion after determining that his
claim lacked credibility. In light of the
parties' conflicting affidavits, the record
did not conclusively show that Wright was
not entitled to relief. 28 U.S.C.A.
§ 2255(b); *Raines*, 423 F.2d at 530
("When the issue is one of credibility, reso-
lution on the basis of affidavits can rarely
be conclusive."). The district court there-
fore abused its discretion in concluding,
without an evidentiary hearing, that

Wright did not direct counsel to file a notice of appeal.

Accordingly, we vacate the district court's order and remand for an evidentiary hearing. We deny Wright's motion for an extension of time to reply as moot, and deny his motions to appoint counsel and for a transcript at Government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED.*